## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| HARRIET TUBMAN, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1462 PLC |
| | ) | |
| DONALD J. TRUMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, Harriet Tubman, Inc., seeks leave through its agent, William Monroe, Jr., to proceed in forma pauperis in this civil action brought pursuant to Title V of the McKinney-Vento Homeless Assistance Act, 42 U.S.C. §§ 11411-11412. Because Harriet Tubman, Inc. is unrepresented in this action, the Court will dismiss this action, without prejudice, due to the corporation's inability to represent itself, pro se. Additionally, plaintiff William Monroe, Jr. does not have standing to proceed under the Mc-Kinney Vento Act in his capacity as an individual plaintiff.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff, Harriet Tubman, Inc., through its representative William Monroe, Jr., states that it is a § 501(c)(3) non-profit organization that was organized to assist the homeless. The in forma pauperis statute, 28 U.S.C. § 1915, only allows the Court to grant pauper status to "persons" who are not able to pay the filing fee. The United States Supreme Court has held that a corporation is not a "person" within the meaning of the statute and therefore may not be authorized to file a civil action in the United States District Court without paying the required filing fee. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993). Therefore, Harriet Tubman, Inc.'s motion to proceed in forma pauperis must be denied.[1]

Moreover, "[i]t is settled law that a corporation may be represented only by licensed counsel." *Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983); 28 U.S.C. § 1654. Harriet Tubman, Inc. does not have licensed counsel in this action, rather, William Monroe, Jr., a pro se individual, states that he is bringing this action on behalf of Harriet Tubman, Inc. Unfortunately, William Monroe, Jr., may not represent the interests of Harriet

---

[1] The Court will grant plaintiff William Monroe, Jr.'s motion to proceed in forma pauperis, as he has met the financial requirements under the statute. However, to the extent Mr. Monroe has filed a motion to proceed in forma pauperis on behalf of Harriet Tubman, Inc., the motion must be denied for the aforementioned reasons.

Tubman, Inc. in this litigation, pro se. As such, the Court must dismiss this action, without prejudice.[2]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff William Monroe, Jr.'s motion to proceed in forma pauperis brought on behalf of him [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Harriet Tubman, Inc.'s motion to proceed in forma pauperis brought by William Monroe, Jr. on behalf of the corporation [Doc. #2] is **DENIED** as a corporation cannot proceed in forma pauperis.

**IT IS FURTHER ORDERED** that this action is subject to dismissal because a corporation cannot proceed pro se and plaintiff William Monroe, Jr. does not have standing to bring the present action on his own behalf under the McKinney-Vento Act.

**IT IS FURTHER ORDERED** that all remaining motions are **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of June, 2017.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[2]Additionally, plaintiff William Monroe, Jr., acting alone, does not have standing to seek an available property under Title V of the McKinney-Vento Homeless Assistance Act if he is not acting as a representative of Harriet Tubman, Inc., in this action. The Act, 42 U.S.C. §§ 11411-114112, was signed into law on May 20, 2009.  Administered by HUD, it makes suitable federal properties which have been categorized as unutilized, underutilized, excess, or surplus, **available to states, local governments, and nonprofit organizations for use to assist homeless persons**. *Id.* (emphasis added)